**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHI KWO NIAN, | No. 07-73247 |
| Petitioner, | Agency No. A079-632-933 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 11, 2011
San Francisco, California

Before: HUG and PAEZ, Circuit Judges, and WATSON,** District Judge.

Chi Kwo Nian, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") denial of his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We review an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael H. Watson, District Judge for the U.S.
District Court for Southern Ohio, Columbus, sitting by designation.

adverse credibility determination under the substantial evidence standard. *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). We deny the petition.

Where the BIA relies upon the IJ's opinion as a statement of reasons, we look to the IJ's decision "as a guide to what lay behind the BIA's conclusion." *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000). Because Nian filed his claim prior to May 11, 2005, pre-REAL ID Act standards apply. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005).

Substantial evidence supports the agency's adverse credibility determination. Nian's statements on his asylum application regarding his wife's forced implantation of a birth control device were inconsistent with his testimony before the IJ. This inconsistency goes to the "heart of the claim" because Nian's wife's persecution at the hands of family planning officials is central to his claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001). Our deferential standard of review requires us to uphold the adverse credibility determination. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir. 2006) ("A single supported ground for an adverse credibility finding is sufficient if it relates to the basis for petitioner's alleged fear of persecution and goes to the heart of the claim." (internal quotation and alteration omitted)).

In light of the adverse credibility finding, Nian's withholding of removal

claim fails.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).  Because Nian's CAT claim is based on the same testimony the agency found not credible, we deny the petition as to this claim as well.  *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**